# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 1:15CR00025-009 |
| v.             ) | |
| ) | **OPINION AND ORDER** |
| **PHILLIP JOHN MUNCY,**    ) | |
| ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant.       ) | |

*Krista Consiglio Frith*, Assistant United States Attorney, Roanoke, Virginia, for United States; *Benjamin C. Glassman* and *Rebecca A. Worthington*, SQUIRE PATTON BOGGS (US) LLP, for Defendant.

The defendant, a federal inmate previously sentence by this court, has filed a motion by counsel seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1] The defendant's motion has been fully briefed and is ripe for decision.

---

[1] The Sentencing Commission has adopted such policy provisions. Those policies provide in pertinent part that release may be granted if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not

I.

Muncy was sentenced by this court on January 12, 2016, after pleading guilty to the lesser included offense of conspiring to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C). The government also dismissed a money laundering count of the Indictment pursuant to the defendant's Plea Agreement. Muncy was determined to have a sentencing guideline range of 324 months to 405 months, based on a total offense level of 41 and a criminal history category of I. However, the statutorily authorized maximum sentence was 20 years, so that the guideline term of imprisonment was 240 months. USSG § 5G1.1(a). The court varied downward based upon the motions of the parties to a term of 180 months imprisonment. Muncy's sentence was later reduced to 120 months imprisonment following a government motion. His present projected release date is January 22, 2024.

---

a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018). These policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate. But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the Bureau of Prisons is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." *Id.* at cmt. n.4.

Muncy is incarcerated at FCI Elkton, in Lisbon, Ohio. FCI Elkton has been a Covid-19 hotspot, with confirmed active cases of 128 inmates and 8 staff as of May 22, 2020. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited May 22, 2020). It appears that at least nine inmates have died there of Covid-19. Deanne Johnson, *Another Elkton prison death attributed to COVID-19*, Salem News (Salem, Ohio), May 9, 2020, https://www.salemnews.net/news/local-news/2020/05/another-elkton-prison-death-attributed-to-covid-19/.[2]

Muncy requested compassionate release from the Warden on April 8, 2020. On April 20, 2020, Muncy filed a motion with this court seeking a reduction in his sentence based on his purported health risks from the ongoing coronavirus pandemic. In its response filed April 30, 2020, the United States argued that Muncy had not exhausted his administrative remedies because he had filed his compassionate release motion before 30 days had passed from the Warden's receipt of his request. It asserted that the Warden had denied Muncy's request on April 20,

---

[2] A class action under 28 U.S.C. § 2241 is pending in the Northern District of Ohio brought by four Elkton inmates, represented by attorneys of the ACLU of Ohio, for immediate release of class members. *Wilson v. Williams*, No. 4:20cv794-JG (N.D. Ohio). The court entered a preliminary injunction on April 22, 2020, ECF No. 22, requiring the prison authorities to evaluate and transfer out of Elkton inmates over age 65 and those with documented pre-existing conditions, including diabetes. The United States appealed the preliminary injunction and the Sixth Circuit has expedited briefing and submission of the case on the merits. *Wilson v. Williams*, No. 20-3447, Order, ECF No. 33 (6th Cir. May 8, 2020).

2020, although it did not supply a copy of that denial. The government took the position that the court would have jurisdiction to consider Muncy's request as of May 8, 2020, 30 days from Muncy's submission of his request to the warden.

The government also contended that the Bureau of Prisons has adopted adequate policies to protect inmates and staff from infection, and Muncy's pre-existing conditions do not create exceptional circumstances to warrant a sentence reduction. Muncy replied that the court has the authority to consider his request because the 30-day requirement is not jurisdictional and that § 3582(c)(1)(A) does not include a true exhaustion requirement. He also reiterated that the combination of the pandemic with his pre-existing conditions amounts to extraordinary and compelling reasons to reduce his sentence and release him to his relatives. Finally, he disputed the contention that the Bureau of Prisons is adequately protecting inmates such as Muncy, whose medical conditions place him at a higher risk of infection.

## II.

The court may grant a § 3582(c)(1)(A) motion by an inmate "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). I have held that the proper interpretation of

§ 3582(c)(1)(A) is to excuse full exhaustion of administrative remedies "only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request." *United States v. Nance*, 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020) (citing *United States v. Bolino*, No. 06-cr-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020).[3]

In any event, the government has waived further administrative exhaustion by Muncy even though the Warden has denied his request. Therefore, Muncy's request is ripe for consideration.

The USSG provides that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether such a reduction is consistent with the policy statement. U.S.S.G. 1B1.13.

---

[3] In considering § 3582(c)(2), regarding retroactive amendments to the sentencing guidelines, which is another exception to the statutory direction that the court cannot modify a sentence once imposed, the Fourth Circuit held that the lack of a prerequisite to a motion for reduction in sentence did not raise a jurisdictional issue. *United States v. May*, 855 F.3d 271, 275–76 (4th Cir. 2017) (noting that "The Supreme Court requires Congress to 'clearly state[] that a threshold limitation on a statute's scope shall count as jurisdictional' before a court can treat the limitation as such.") (citing and quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)). Based on this precedent, I do not find that failure to exhaust administrative remedies is a jurisdictional bar under § 3582(c)(1)(A)).

Muncy is 42 years old.  He graduated high school, attended some college to study forestry, and later obtained a certification in underground mining.  He has three young children, including one from a prior marriage, but he is estranged from his wife.  His sister, a physician in Kentucky, has promised to supervise him at her home, if he is released.  He has a limited criminal history involving driving under the influence, reckless driving, and violating a protective order.  He has not committed any infractions while incarcerated, although he was discovered to be hoarding antibiotics earlier this year that were subsequently confiscated.

He has a long substance-abuse history that started with marijuana and eventually expanded to cocaine, crack cocaine, opioids, and methamphetamine.  He suffers from COPD, hyperthension, and hyperthyroidism. Presentence Investigation Report ¶¶ 378–79, ECF No. 287.  His former physician noted that, while he had prescribed an inhaler to Muncy for his COPD, Muncy was not hypoxic and did not require supplemental oxygen before his incarceration.  The physician also indicated that Muncy no longer smokes and has lost weight while incarcerated, which "obviously would improve his physical symptoms and overall health." Def.'s Reply Ex. 1, ECF No. 430-1.  Muncy has not required or requested treatment during his incarceration for his COPD,  has refused treatment for his hyperthyroidism on multiple occasions, and has rejected influenza vaccinations.  He has served less than half of his 120-month sentence.

Importantly, the facts supporting his conviction are serious in nature. Muncy was a high-level organizer in a methamphetamine and money laundering conspiracy that spanned multiple states. Ultimately, he was found responsible for the distribution of over 4.5 kilograms of "ice" methamphetamine during the nearly three years of the conspiracy's operation. Muncy periodically traded firearms for cash to purchase methamphetamines, and even directly traded the guns for the drugs. Muncy also routinely carried a firearm while collecting money for drugs, either on his person or in his car while travelling to Texas to meet with his supplier. Finally, Muncy laundered funds to finance the drug operation, as well as directed others to assist him in making large cash deposits to bank accounts specified by his suppliers. Considering these facts and the § 3553(a) factors, including the need for deterrence and to protect the public, I find that Muncy is not qualified for such extraordinary relief.

### III.

For the reasons stated, it is **ORDERED** that the defendant's motion, ECF No. 418, is DENIED.

ENTER: May 22, 2020

/s/ JAMES P. JONES
United States District Judge